METROPOLITAN TRUST COMPANY OF THE CITY OF NEW YORK,
  Appellant, *v.* LONG ACRE ELECTRIC LIGHT AND POWER
  COMPANY, Respondent, Impleaded with EMPIRE TRUST
  COMPANY, as Trustee under a Certain Mortgage Dated
  July 1, 1911, and Recorded in the Office of the Register
  of the County of New York on September 6th, 1911, in
  Liber 20 of General Mortgages at Page 63, and FREDERICK
  C. TOMPKINS, Defendants.

First Department, July 11, 1918.

Corporations — mortgages — waiver of strict performance of mort-
  gage executed to secure bonds — necessity for presentation and
  demand of payment — failure to acknowledge instrument declar-
  ing principal due.

Where a mortgage executed by a corporation to secure coupon bonds
  thereafter issued provided that after a continuous default in payment
  of interest for a period of six months a majority in interest of the bond-

holders might declare the principal sum due by an instrument in writing, signed and acknowledged, the mortgagor cannot be declared in default without presentation and demand of payment after the holders of a majority of the bonds have waived the strict performance of the provisions of the mortgage by extending the time of payment of the coupons. An election to declare the principal sum due not acknowledged as required by the terms of the mortgage is insufficient.

APPEAL by the plaintiff, Metropolitan Trust Company of the City of New York, from a judgment of the Supreme Court in favor of the respondent, entered in the office of the clerk of the county of New York on the 17th day of April, 1914, upon the decision of the court after a trial at the New York Special Term in an action to foreclose a mortgage.

*Walter F. Taylor* of counsel [*Carter, Ledyard & Milburn,* attorneys], for the appellant.

*Julius F. Workum* of counsel [*Simpson, Thacher & Bartlett,* attorneys], for the respondent.

SMITH, J.:

The judgment dismissed the plaintiff's complaint. Upon the 15th day of October, 1906, the Long Acre Electric Light and Power Company executed a mortgage to the Metropolitan Trust Company to secure $1,000,000 of bonds to be thereafter issued. There were issued in fact bonds to the amount of $500,000. Each bond provided for the payment by the obligor, the Long Acre Electric Light and Power Company, at the office of the agency of said company in the city of New York in the year 1956, of $1,000 in gold coin, and interest thereon in like coin at the rate of four per cent per annum from October 15, 1906, upon presentation and surrender at said office of the annexed coupons as they severally became due, on the fifteenth day of April and the fifteenth day of October in each year, until said principal sum should be paid. By the 7th clause in the mortgage it was provided that in case default should be made in the payment of any of the interest secured to be paid and such default should continue for six months, then upon the election of a majority in interest of the holders of the bonds thus secured and then due and outstanding, evidenced by an instrument or instruments in writing, signed by them and delivered to the trustee,

the entire principal sum, secured thereby, and the interest accrued thereon, should become immediately due and payable.   In September of 1912, at the request of Anthony N. Brady, and upon his guaranty of repayment of the advances made, the Central Trust Company purchased 489 of said bonds.   Upon October 17, 1912, Mr. Brady requested the Central Trust Company to sign a request to the plaintiff to at once foreclose the said mortgage.   This request was upon October 17, 1912, made by the Central Trust Company to the Metropolitan Trust Company, in which request it stated that as the owner and holder of 489 of said bonds, it had elected to declare the principal sum due by reason of the failure of the Long Acre Electric Light and Power Company to pay interest coupons which matured between October 15, 1908, and April 15, 1912.   This action was thereupon commenced. After its commencement, payment of all overdue interest coupons was tendered to the plaintiff, which refused to accept them, and the moneys were paid into court.   After the trial of the action the Special Term dismissed the complaint, holding that the principal of the mortgage had not become due.   This holding was placed by the trial judge in his opinion upon two grounds: *First*, that the election to declare the full amount due had not been made by a majority of the owners and holders of the bonds issued; and *second*, on the ground that there had been no default in the payment of the interest coupons by reason of the failure of the holders of those coupons to present the same for payment.   In his decision the trial justice held that it would be inequitable to allow the plaintiff to foreclose for the principal of the mortgage debt.

It appears that in 1908 the owners of 344 of these bonds had elected to declare the principal sum due by reason of a default in interest, but thereafter and in May of 1909 that election was withdrawn.   At the same time, upon May 7, 1909, John C. Sheehan, as trustee of a majority of the owners of said bonds, and the Long Acre Company executed an agreement, wherein the payment of all coupons attached to said bonds was postponed until after May 1, 1911.   After May 1, 1911, none of the interest coupons were presented for payment and no demand made therefor, other than by the commencement of this action.

We might well rest an affirmance of this judgment upon the able opinion of Mr. Justice GREENBAUM at the Special Term and I desire to add only a short memorandum as supplemental thereto. These bonds were purchased by the Central Trust Company in September, 1912. Prior to that time the holders of a majority of the bonds had extended the time of payment of the coupons until May 1, 1911. No demand was made thereafter for payment of those coupons. The holders of the bonds were apparently willing to waive payment upon the due date. The finding of the court below is that " the owners of the outstanding overdue coupons did not present them for payment because they did not wish them paid." After this waiver of strict performance of the contract by the holders of the majority of the bonds, it would be inequitable under the circumstances of this case to hold that the six months' default made necessary by the mortgage to entitle the holders to declare the full amount due had begun to run, without presentation and demand of payment. The corporation was not insolvent. The coupons have now been fully paid and the present owners of the bonds should at least be held to the letter of their contract, if they would now avail themselves of the right to declare due the principal of the mortgage. While under section 7 of the mortgage, it is provided that the election of a majority in interest of the holders of the bonds issued and outstanding might be evidenced by an instrument or instruments in writing, signed by them and delivered, it is also provided in the 15th clause of the mortgage that " any declaration, request, election or appointment herein provided to be made by the owners of bonds hereby secured shall be by an instrument or instruments in writing, signed *and acknowledged*, in such manner as is required in respect to deeds of land recorded in New York, by the bondholder or his duly authorized attorney." This notice of election and request to sue, while signed by the Central Trust Company, was not acknowledged as required by the 15th clause quoted, and for that reason the Central Trust Company, even if authorized to make the election and request the foreclosure of the mortgage, has not complied with the condition under which it was authorized to make such election and request, and for want of an election and

request in strict conformity with the provisions of the mortgage, the payment of the principal must be held not to have been accelerated, as is claimed by the plaintiff in this action.

I, therefore, advise an affirmance of the judgment, with costs.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concurred.

Judgment affirmed, with costs.